**E-FILED**
Friday, 26 May, 2006  10:32:37 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### AT ROCK ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-40126 |
| | ) | |
| DONALD LEE LUCAS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

FILED

MAY 2 5 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## COOPERATION PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and John K. Mehochko, Assistant United States Attorney, and the defendant, Donald Lee Lucas, Jr., personally and by the defendant's attorney, John W. Farber, hereby enter into this plea agreement.

1. This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, agreements between the parties, including plea agreements. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

-1-

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and, therefore, if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

## CHARGES, ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to Counts One and Two of the Indictment. Count One of the Indictment charges the defendant with conspiracy to distribute and possess with intent to distribute at least 500 grams of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Count Two of the Indictment charges the defendant with possession with intent to distribute at least 500 grams of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

5. The defendant has read the charges to which the defendant is pleading guilty, and the charges have been explained to the defendant by the defendant's

attorney. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty. To sustain the charges contained in Counts One and Two of the Indictment, the United States must prove the following propositions beyond a reasonable doubt:

## COUNT ONE
## CONSPIRACY TO DISTRIBUTE AND POSSESS
## WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
## 21 U.S.C. § 846

First, that the conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture and substance containing a detectible amount of methamphetamine, as charged in the Indictment existed; and

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

## COUNT TWO
## POSSESSION OF METHAMPHETAMINE
## WITH INTENT TO DISTRIBUTE
## 21 U.S.C. §§841(a)(1) AND 841(b)(1)(A)

First, that the defendant knowingly and intentionally possessed at least 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine;

Second, that the defendant possessed the methamphetamine with the intent to deliver it to another person.

6. The defendant understands and agrees that each of the offenses to

which he shall plead guilty carry the following potential penalties:

## POTENTIAL PENALTIES – COUNTS ONE AND TWO

- a mandatory minimum term of ten (10) years in prison and a maximum of life in prison;

- a maximum fine of $4,000,000;

- at least five (5) years of supervised release and a maximum of a life term of supervised release;

- a $100 mandatory special assessment.

7. The defendant understands that the sentence on each count to which he is pleading guilty may be ordered to be served consecutively (in addition to each other). Consequently, the maximum possible sentence which could be imposed on the combined counts is:

- a mandatory minimum term of ten (10) years in prison and a maximum of two (2) life terms in prison;

- a maximum fine of $8,000,000;

- five (5) years to life of supervised release; and

- a $200 mandatory special assessment.

8. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised

-4-

release period without credit for time previously served.

9.  The defendant understands and agrees that the Court may order the defendant to pay restitution.  The parties to this agreement have not reached a determination on the amount of restitution.  Restitution may include the cost of incarceration and supervision.  The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND GUIDELINE WAIVERS

### Notice of Prior Drug Conviction

10.  The defendant expressly waives any right the defendant has pursuant to Title 21, United States Code, Section 851 to require the United States Attorney's Office to file and serve an information stating in writing the prior felony drug convictions that support any enhanced sentence.

### Waiver of Right of Appeal from Conviction and Sentence

11.  The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed.  Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea

agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

## Waiver of Right to Collateral Attack

12. The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that

-6-

the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

**ADVISORY SENTENCING GUIDELINES**

13. The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The defendant understands that although the Sentencing Guidelines are advisory, the Court may choose to impose a sentence in

accordance with the Sentencing Guidelines.

14. Based on the information currently available, the defendant and the United States agree on the following points regarding the application of the Sentencing Guidelines to the offense to which the defendant is pleading guilty:

a.    The parties agree, based upon facts currently known by the United States, that the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate.  Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses.  This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

b.    The parties also agree that if the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines

-8-

Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

15.  The defendant and the United States agree that the above statements regarding Sentencing Guidelines calculations are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware.  The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

16.  The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum.  The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

17.  The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the advisory Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses.  The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.  Moreover, the United States also reserves the right, in its sole discretion, to defer any such substantial assistance motion, if any, until sometime after the defendant's sentencing and instead move for a reduction of the defendant's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

## DEFENDANT'S OBLIGATIONS

18.  As a condition of this entire plea agreement, the defendant will cooperate fully with law enforcement officials in the investigation and prosecution of other individuals involved in other criminal offenses and related matters, in accordance with the following terms:

a.  The defendant agrees, as a condition to this entire plea agreement, that he will cooperate fully with law enforcement officials concerning their

-10-

investigation of other persons involved in other criminal offenses. The defendant specifically agrees that he will provide complete and truthful testimony to any federal grand jury, petit jury, or court before which he is called to testify.

b. The United States agrees that if the defendant complies with all of the terms of the plea agreement, it will not use the statements and testimony of the defendant, either directly or indirectly, to bring additional criminal charges against the defendant.

c. The defendant acknowledges and fully understands that if he should fail to give complete and truthful information and testimony when required by the United States Attorney, then this plea agreement shall be null and void. The defendant acknowledges and fully understands that in such event the United States may institute criminal charges and seek full punishment against the defendant for all offenses known to the government, including but not limited to the charges set forth in the Indictment, and the government may use the statements and testimony of the defendant given pursuant to this agreement to support those charges.

d. The defendant specifically acknowledges and understands that he is subject to prosecution and full punishment for the offense of perjury should he give false testimony to any grand jury, petit jury, in any forfeiture proceeding,

-11-

or in any court hearing, and any statement and testimony made by the defendant may be used in such a prosecution.

      e. Pursuant to Section 1B1.8 of the <u>United States Sentencing Guidelines and Policy Statements</u>, the United States Attorney for the Central District of Illinois agrees that any self-incriminating information provided by the defendant pursuant to his cooperation will not be used against him to determine the guideline range. This agreement shall not restrict the use of such information (1) known to the government prior to entering into this cooperation agreement; (2) in a prosecution for perjury or giving a false statement; or (3) in the event there is a breach of the cooperation agreement. This agreement also does not prevent the United States Attorney from using information received from any entirely independent source, meaning a source not developed through either direct or indirect use of the defendant's cooperation. While self-incriminating information provided under this agreement may not be used to determine the guideline range, it may be used (1) to determine whether and to what extent the court will depart pursuant to a motion brought under Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or Rule 35 of the Federal Rules of Criminal Procedure; and (2) to determine security and custody levels at the Bureau of Prisons. The United States Attorney will fully

apprise the court and the United States Probation Office of the nature, extent, and value of the defendant's cooperation, and will provide to the Probation Office all reports of the defendant's statements made pursuant to this agreement. Accordingly, although self-incriminating information obtained from the defendant pursuant to his cooperation may not be used to calculate his guideline range, it may be included as background information in the defendant's presentence report.

   f. The defendant hereby agrees to undergo a polygraph examination to confirm any or all of the information that he provides pursuant to this cooperation plea agreement.

 19. The defendant agrees to waive and waives any rights the defendant may have under the Speedy Trial Act, and the defendant understands that his sentencing may be delayed until his cooperation has been completed so that at sentencing the court will have the benefit of all relevant information.

 20. The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of Title 18, United States Code, Section 3553(e). They further acknowledge, consistent with Application Note 3 to U.S.S.G. Section 5K1.1, that the United States is in the best position to assess the value of the defendant's cooperation to the United States

and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to Section 3553(e), the defendant and his attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to the government to only those grounds specifically set forth in Section 5K1.1 and its application notes.

21.     The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the Indictment to which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

**THE UNITED STATES ATTORNEY'S OBLIGATIONS**

22. The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in the Indictment,

except for any crime of violence and any crime unknown to the United States

Attorney for the Central District of Illinois prior to the time this plea agreement is

signed by the parties.

23. The United States agrees that at the time of sentencing it will fully

inform the Court of the nature, extent, and value of any cooperation rendered by

the defendant.

## FACTUAL BASIS

24.    The defendant will plead guilty because the defendant is in fact

guilty of the charge contained in the Indictment.  In pleading guilty to that

charge, the defendant stipulates and admits to the following facts:

a.  On October 15, 2005, an Illinois State Police trooper stopped two

vehicles occupied by Danielle Alindsey Price, Miguel Andres Barajas, Donald Lee

Lucas, and Steven Wayne Peacock, for traffic violations.  As the first trooper was

completing written warnings, a second trooper arrived and conducted a walk-

around of both vehicles with a narcotics canine.  The canine alerted positively to

both vehicles for the presence of the odor of narcotics.  A subsequent search led

to the seizure of approximately 5 pounds of a substance that field-tested positive

for the presence of methamphetamine.  This methamphetamine was later

analyzed by the DEA North Central Laboratory in Chicago, Illinois; 1775 grams

of the substance seized was determined to be 100% pure methamphetamine,

while the remaining 431.7 grams was determined to be 98% pure methamphetamine.

b. Gregory Paul Price, Jr., who is Danielle Price's husband, was also involved in the methamphetamine conspiracy. Gregory Price and Danielle Price had made two previous trips to Arizona to obtain methamphetamine from Justin William Kreiser; in May of 2005, Gregory Price and Danielle Price bought approximately 2 pounds of methamphetamine ice from Kreiser, and in July of 2005, they bought 3 pounds of methamphetamine ice from Kreiser. After both trips, Greg and Danielle Price transported the methamphetamine ice back to the Kalamazoo, Michigan, area where they sold it to other drug dealers, including Miguel Andres Barajas, Donald Lee Lucas, and Steven Wayne Peacock, for resale.

c. By October of 2005, Greg Price had been incarcerated for violating his conditions of parole. However, Greg Price called Danielle Price from prison and arranged for Danielle Price to make another trip to Arizona to buy methamphetamine from the Prices' source, Justin Kreiser. Greg Price instructed Danielle Price to recruit several other people to make the trip with her, in order to assist her in the transportation of the methamphetamine and to provide security to help ensure that Danielle Price was not robbed or killed during the methamphetamine purchase from Justin Kreiser.

d. In October of 2005, Danielle Price recruited Donald Lucas, Steven Peacock, and Miguel Barajas to travel to Arizona with her on the third methamphetamine trip. After the four arrived in Arizona, Danielle Price met with the methamphetamine supplier, Justin Kreiser, and provided him with approximately $50,000 in exchange for 5 pounds of ice methamphetamine. Both Lucas and Peacock provided a portion of the $50,000, and were to receive a portion of the methamphetamine purchased from Kreiser. In addition, Barajas was to receive approximately one pound of methamphetamine in exchange for making the trip to Arizona and assisting with the transport of the methamphetamine back to Michigan.

e. After Danielle Price obtained the methamphetamine from Kreiser, she gave it to Peacock and Lucas, who concealed it in one of the two vehicles the group had driven to Arizona. The group then drove the methamphetamine back towards Michigan, taking turns driving along the way. On October 15, 2005, the group was stopped for traffic violations in Henry County, Illinois, which led to the discovery of the 5 pounds of methamphetamine concealed in one of the group's vehicles.

f. The defendant agrees that his total relevant criminal conduct from May of 2005 through October 15, 2005, involved at least 5 pounds (2.2 kilograms) of

pure methamphetamine. The defendant further agrees that he knew that the substance involved in these transactions was methamphetamine, that methamphetamine was a controlled substance, and that his participation in the conspiracy to distribute and possess with intent to distribute methamphetamine was against the law.

## EFFECT OF VIOLATION OF AGREEMENT

25.    The defendant agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/or sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

26.    Whether or not the defendant has violated the terms of the plea

agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

27.    The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

a.    The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.    The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c.    The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to

represent the defendant at no cost to the defendant.

      d.     The right to confront and cross-examine adverse witnesses.  At a trial, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to see and hear those government witnesses and  the defendant's attorney would be able to cross-examine them.  In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf.  If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

      e.     The right against compelled self-incrimination.  At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify.  If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

      28.     The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs.  The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

-20-

AGREED:

Defendant's Attorney:

29.    I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms.  No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement.  I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: ___5 / 25 / 06___              S/John Farber _____
                                      John W. Farber
                                      Attorney for Donald Lee Lucas, Jr.

**Defendant:**

30.    I have read this entire Plea Agreement carefully and have discussed it fully with my attorney.  I fully understand this Agreement, and I agree to it voluntarily and of my own free will.  I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true.  No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement.  I am satisfied with the legal services provided by my attorney.  I understand that by signing below I am stating I agree with everything stated in

-21-

this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 5-25-06

S/Donald Lucas

Donald Lee Lucas, Jr.
Defendant

**United States:**

31.    On behalf of the United States of America, I accept and agree to this

Plea Agreement.

Date: 5/25/06

RODGER A. HEATON
UNITED STATES ATTORNEY

S/John Mehochko

John K. Mehochko
Assistant United States Attorney